UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **BRADLEY NEAL STEELE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **Case No: CV-10-CLS-RRA-0575-NE** |
| ) | |
| **COMMISSIONER RICHARD** ) | |
| **ALLEN and THE ATTORNEY** ) | |
| **GENERAL FOR THE STATE OF** ) | |
| **ALABAMA,** ) | |
| ) | |
| **Respondents.** ) | |

### MEMORANDUM OPINION AND ORDER

This habeas corpus petition is before the court on Magistrate Judge Robert R. Armstrong's Report and Recommendation.[1]  The Report and Recommendation recommends that the respondents' motion for summary judgment be granted and the action dismissed.  The petitioner has filed objections.[2]

In the report and recommendation, Judge Armstrong found that Steele's claim that the state breached an agreement, reached after he was sentenced, that Steele would be sentenced to probation in exchange for "substantial assistance," was

---

[1] Doc. no. 9 (Report and Recommendation).

[2] Doc. no. 10 (Petitioner's Objections).

procedurally defaulted because he did not appeal the denial of his Rule 32 petition to the highest state court having jurisdiction. In his objections, Steele argues that he

> could not have raised this issue with the Alabama Supreme Court at the time of his State Court appeal due to the fact that the issue of not receiving credit for his substantial assistance did not arise until after the appeal had been denied because of the simple fact that the Trial Court did not incarcerate the Petitioner until after the Alabama Supreme Court denied writ and the fact that certain issues were or were not raised on appeal are [sic] irrelevant.[3]

The petitioner apparently misunderstood the Report and Recommendation and the difference between a direct appeal of his conviction and the collateral appeal of his case through a Rule 32 petition. The magistrate judge found that the claim was barred because, although Steele raised the claim in a Rule 32 petition, he did not appeal the denial of the Rule 32 petition to the highest state court having jurisdiction. Clearly, Steele was well aware of the claim at the time he raised it in his Rule 32 petition. Thus, he defaulted the claim by failing to present it in an application for rehearing and in a petition for *writ of certiorari* to the Alabama Supreme Court as required by *O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732-33 (1999).

---

[3] *Id.* at 2-3.

Steele next urges the court to excuse his procedural default because "there is cause and prejudice he will suffer should this matter be barred due to a procedural default."[4] Specifically, he contends:

> There is an actual and substantial disadvantage to the Petitioner. The Petitioner had a three year sentence prior to being approached to provide substantial assistance and once substantial assistance was provided and at least five additional cases were made for the State, the Petitioner was in the same position. The Petitioner should not suffer due to any disputed procedural errors that can be considered and overcome by this Court.[5]

However, as explained in the Report and Recommendation, the "cause and prejudice" standard is in the conjunctive; therefore, the petitioner must prove both cause and prejudice to excuse a procedural default.[6] Steele has offered nothing to indicate that he had adequate cause for failing to present this claim properly in State court. Thus, he has not met the "cause and prejudice" standard.

Steele finally argues that a "fundamental miscarriage of justice will result if any procedural default is not excused."[7] In support of this argument, Steele contends:

> The perception and actual damage the public, the law enforcement agencies, and the judicial system would suffer should this Honorable

---

[4] *Id.* at 3.

[5] *Id.*

[6] *See* Report and Recommendation 7

[7] Petitioner's Objections 3.

> Court not allow this matter to continue despite any disputed procedural bar is certainly outweighed by any procedural default. To do otherwise would allow one Alabama County Trial Judge, a Sheriff, and a District Attorney to make false promises for substantial assistance, all the while having a Federal Drug Task Force involved, and then not even consider such assistance. This precedent will undermine the efforts of all state and federal law enforcement agencies that depend on such substantial assistance to make cases and convictions against criminals that they would not otherwise have access to.[8]

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court elaborated on the fundamental miscarriage of justice exception and the necessity of showing innocence. To meet this exception, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. The standard focuses on the *actual* innocence of the petitioner. As the Supreme Court explained:

> Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. Indeed, with respect to this aspect of the *Carrier* standard, we believe that Judge Friendly's description of the inquiry is appropriate: the habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial."

---

[8] *Id.* at 4.

*Id.* at 327. (quoting Friendly, *Is Innocence Irrelevant? Collateral Attack on Judgment*, 38 U.Chi.L.Rev. 142, 160 (1970)). To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002).

Steele makes no claim to have new, reliable evidence that establishes he is actually innocent of the crime for which he was convicted. Therefore, he is unable to take advantage of the fundamental miscarriage of justice exception to the procedural default rules.

The court has considered the entire file in this action, including the Report and Recommendation and Steele's objections, and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of Judge Armstrong as the findings and conclusions of the court. This habeas petition is due to be, and hereby is, DISMISSED.

DONE and ORDERED this 5th day of December, 2011.

_____
United States District Judge